IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-2548-WJM-SKC

THOMAS HYRE,

    Plaintiff,

v.

SPARTANNASH DISTRIBUTION,

    Third-Party Plaintiff,

v.

MICHAEL MCKINLEY,
SHAWN MCKINLEY,
NATHAN L. ANDERSOHN,
JAM INVESTMENTS, LLC, and

    Defendants.

---

### ORDER GRANTING INDEMNITY INSURANCE COMPANY
### OF NORTH AMERICA'S UNOPPOSED MOTION TO INTERVENE

---

Plaintiff Thomas Hyre, a Nebraska resident, sues Defendants Michael McKinley, Shawn McKinley, Nathan L. Andersohn, Jam Investments, LLC, and Kenneth C. Berges (collectively, "Defendants") for negligence stemming from a collision caused by a cow that wandered onto Interstate 76, near Ovid, Colorado.  (ECF No. 53.)  Plaintiff alleges Defendants were negligent in securing the gate or maintaining the fence intended to prevent cows from wandering into traffic, resulting in injuries to Plaintiff while he was driving a truck for his employer, Third-Party Plaintiff SpartanNash Distribution ("SpartanNash").  (*Id.*)

This dispute is before the Court on Putative Intervenor Indemnity Insurance

Company of North America's ("Indemnity") Unopposed Motion to Intervene ("Motion"). (ECF No. 60.)  Indemnity provided workers' compensation insurance to SpartanNash. (Id. at 1.)  Although the Motion is unopposed, the Court nonetheless examines it on its merits to ensure that the proposed intervenor will materially contribute to (not distract from) this dispute.

Federal Rule of Civil Procedure 24(a)(2) provides that, on timely motion, the Court must permit intervention as of right to anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  The Tenth Circuit has "construed the plain language of this rule to mean that a nonparty seeking to intervene as of right must establish (1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties."  *Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1121 (10th Cir. 2019) (internal quotation marks omitted).

**Timeliness.**  On March 8, 2023, United States Magistrate Judge S. Kato Crews entered the Scheduling Order in this case, setting the deadline for joinder of parties and amendment of pleadings at April 15, 2023.  (ECF No. 58 at 8.)  Indemnity moved to intervene on April 14, 2023, prior to the deadline.  (ECF No. 60.)  Therefore, the Court finds the Motion is timely.

**Interest and Impairment.**  Indemnity asserts "a substantial legal interest," arguing it is "entitled to reimbursement based upon the statutory subrogation rights

pursuant to Nebraska law." (ECF No. 60-1 at 6.) More directly, Indemnity has paid more than $100,000 dollars in workers' compensation benefits to Plaintiff based on Nebraska law and its policy with SpartanNash and is entitled to reimbursement under Nebraska law out of damages Plaintiff may recover in this lawsuit. (*Id.* at 4.)

Indemnity asserts that it also "has a claim [for reimbursement] against Defendants directly," and that it would be impaired in asserting its legally protected subrogation right if it were not permitted to intervene in this action. (*Id.*)

While these allegations are sparce, given the unopposed nature of the Motion, the Court finds that Indemnity has stated an adequate interest and a potential impairment of it, depending on the outcome of this case.

**Adequacy of Current Representation.** The Tenth Circuit has characterized a proposed intervenor's burden on this element as "minimal." *Barnes*, 945 F.3d at 1124. "The possibility of divergence need not be great in order to satisfy th[is] burden." *Id.* (alteration in original). "An intervenor need only show the *possibility* of inadequate representation." *Id.* (emphasis in original). "Only when the objective of the applicant for intervention is identical to that of one of the parties' is representation considered to be adequate." *Id.* (quoting *Coal. Of Ariz./N.M. Cntys for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 845 (10th Cir. 1996)).

Here, Indemnity notes that no current party is asserting its subrogation right. (ECF No. 60-1 at 6.) As such, Indemnity asserts that without intervention, its claim to reimbursement will not be protected, even if Plaintiff should be awarded damages. (*Id.*) Because no party has identical interests as Indemnity or an incentive to protect Indemnity's interests, the Court finds a possibility of inadequate representation.

Accordingly, for the reasons set forth above, the Court ORDERS as follows:

1. Putative Intervenor Indemnity Insurance Company of North America's Unopposed Motion to Intervene (ECF No. 60) is GRANTED; and

2. The parties and the Clerk of Court shall adopt the following caption going forward:

THOMAS HYRE,

    Plaintiff,

v.

SPARTANNASH DISTRIBUTION

    Third-Party Plaintiff

v.

INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,

    Intervenor-Plaintiff,

v.

MICHAEL MCKINLEY,
SHAWN MCKINLEY,
NATHAN L. ANDERSOHN, and
JAM INVESTMENTS, LLC,

    Defendants.

Dated this 2nd day of May, 2023.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge